# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRINIDAD GOMEZ, | CASE NO. 1:08-cv-00200-OWW-DLB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| PENA, et al., | (Doc. 1) |
| Defendants. | |
| / | |

**Findings and Recommendations Following Screening of Complaint**

**I.     Procedural History**

Trinidad Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 8, 2008. On December 16, 2008, the Court issued an order finding that Plaintiff's complaint states cognizable claims against Defendants Tyner and Daguman for violation of the Eighth Amendment, but does not state cognizable claims against Defendants Pena, C/O Doe (Pena's partner), Edmond, Smith, Harris, R. Vogel, CSP pharmacy, Melendez; Amaya, Poblete, Cabatu, Renteria, Zoher Mina, N. Grannis, and the specialist at Bakersfield Pain Center.  The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable.  On January 6, 2009, Plaintiff notified the Court that he does not wish to amend and is willing to proceed on the claims found cognizable. Based on Plaintiff's notice, this Findings and Recommendations now issues.

1

II. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A. **Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at Corcoran State Prison ("CSP") in Corcoran, California, where the acts he complains of occurred. Plaintiff names as defendants: Correctional Officers ("C/O") Pena, C/O Doe (Pena's partner), Edmond, and Smith; Central Control Officer Harris; Sergeant R. Vogel; CSP pharmacy; RN Tyner and Melendez; MTA Amaya, Poblete, Cabatu, and Renteria; Dr. Daguman; Dr. Zoher Mina; Chief of Inmate Appeals N. Grannis; and the Specialist at Bakersfield Pain Center. Plaintiff intersperses the names of the defendants throughout his complaint.

Plaintiff alleges that on June 24, 2006, a Saturday, Plaintiff slipped and fell while getting out of bed. The floor of his cell had been flooded from water leaking from an air duct. Plaintiff suffered an injury to his lower neck/upper back area. Defendant Harris sent Plaintiff to the MTA office where defendant Amaya examined him. Amaya prescribed motrin and told Plaintiff to return on Monday, June 24, 2006, if the pain got worse. Defendants Pena and Doe were aware of the accident. Defendants Pena, Doe, Harris, and Amaya failed to file incident reports following an incident. On Monday, with permission of defendant C/O Edmond, Plaintiff was seen by defendant Melendez, who gave him Naproxin, methocarbamol, and ibuprofen. Plaintiff was told to return on June 29, 2006 for further examination. However, on that day, defendant Smith informed Plaintiff that he was not allowed to go because the yard was being mowed. Plaintiff

was finally seen on July 7 by defendant Daguman.  Daguman prescribed more ibuprofen and ordered x-rays, which were taken on July 12 and 21.  (Doc. 1, pp. 5-7, 10-11.)

Plaintiff was prescribed twenty days worth of methocarbamol, but received only ten.  Defendants Amaya, Cabatu, and Renteria all informed the pharmacy of the error.  The pharmacy informed them that it had given twenty days worth.  Daguman called the pharmacy to explain the error, but Plaintiff's medication continued to be denied.  On August 21, Plaintiff filed an emergency sick call and was seen by defendant Tyner.  Tyner explained that she could do nothing.  Though Tyner promised to give Plaintiff stronger pain medication, she did not.  Defendant Poblete was also aware of Plaintiff's injury.  On August 24, Daguman informed Plaintiff of some pinching of his spinal cord.  Plaintiff also informed Daguman of the pharmacy issues.  Daguman called the pharmacy, which finally gave Plaintiff the rest of his prescription.  On September 14, Plaintiff went to the Bakersfield Pain Center, where the specialist informed Plaintiff that he had damaged vertebra, cracked lower disc, and disc protrusion.  Plaintiff was informed that only one injury could be treated at a time.  Plaintiff chose his vertebrae.  On September 21, defendant Zoher Mina prescribed naproxin and acetaminophen, but at lower doses than those prescribed by Daguman.  When asked by Plaintiff about the lower dosage, Zoher Mina informed Plaintiff that he suffered from liver damage and could suffer further harm. Zoher Mina also stated that he was not permitted to prescribe more.  Plaintiff informed Zoher Mina of a bad experience with naproxin, but was still prescribed the drug. (Doc. 1, pp. 6-7, 11- 13.)  Plaintiff seeks monetary damages.

       **B.**      **Pleading Requirements**

       **1.** *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

4

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### C. Claims for Relief

#### 1. *Deliberate Indifference*

Plaintiff alleges that all the named defendants were deliberately indifferent to Plaintiff's medical needs in violation of the Fourteenth Amendment and Due Process Clause. (Doc. 1, p. 7.) Plaintiff's status determines the appropriate standard for evaluating his condition of confinement. The Eighth Amendment applies to "convicted prisoners." See Whitley v. Albers, 475 U.S. 312, 318-19 (1986); Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). The more protective Fourteenth Amendment standard applies to conditions of confinement when detainees have not been convicted. See Bell, 441 U.S. at 535-37. Because Plaintiff is a prisoner, the Eighth Amendment standard for deliberate indifference to a serious medical need applies.

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference"

5

standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Delays in providing medical care may manifest deliberate indifference.  Estelle, 429 U.S. at 104-05.  To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (per curiam); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam).  Moreover, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do

not give rise to a § 1983 claim. See <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir.1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir.1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1334 (9th Cir.1981).

 Plaintiff alleges that each defendant named was deliberately indifferent to Plaintiff's medical needs. Most of Plaintiff's allegations, however, do not rise to the level of deliberate indifference.

 The allegation that the pharmacy failed to give Plaintiff his proper supply of medication because of an error appears to allege negligence on its part as opposed to deliberate indifference. (Doc 1, p. 6.) Further, CSP pharmacy is not a person for purposes of liability under section 1983. A prison pharmacy is part of the prison in which it is located. With respect to CSP, Plaintiff is advised that he may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. <u>Brooks v. Sulphur Springs Valley Elec. Co.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also <u>Seminole Tribe of Fla. v. Florida</u>, 116 S.Ct. 1114, 1122 (1996); <u>Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993); <u>Austin v. State Indus. Ins. Sys.</u>, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See <u>Natural Resources Defense Council v. California Dep't of Tranp.</u>, 96 F.3d 420, 421 (9th Cir. 1996); <u>Brooks</u>, 951 F.2d at 1053; <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); <u>Mitchell v. Los Angeles Community College Dist.</u>, 861 F.2d 198, 201 (9th Cir. 1989). Because the pharmacy is a part of CSP, and CSP is a part of the California Department of Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

 Plaintiff has not alleged how the defendant C/Os having knowledge of Plaintiff's injury acted with deliberate indifference. An alleged failure to file an incident report does not make defendants Harris, Pena, Doe (Pena's partner), Edmond or Amaya liable for a constitutional violation. (Doc. 1, pp. 5-6.) Defendant Smith's alleged failure to take Plaintiff to the infirmary

7

despite his appointment also does not rise to the level of a constitutional violation. (Doc. 1, p. 6.)

The allegation against defendants Amaya, Cabatu and Renteria for informing the pharmacy of its error does not rise to the level of any type of liability. (Doc. 1, p. 11.)

The allegation against defendant Zoher Mina does not state a cognizable claim. Allegedly telling doctor Zoher Mina that he had suffered "a bad experience" with a certain prescribed drug is insufficient to state a claim that Zoher Mina was deliberately indifferent. (Doc. 1, p. 6.)

Plaintiff names as defendant the specialist at the Bakersfield Pain Center, who allegedly informed Plaintiff that he could only have one injury treated at a time. Plaintiff allegedly chose to have his vertebrae treated. (Doc. 1, p. 7.) This allegation does not state any deliberate indifference on the part of the specialist.

Plaintiff's allegation against defendant Tyner does state a cognizable claim. Plaintiff alleges that RN Tyner saw Plaintiff's injuries and pain and still denied Plaintiff medical attention. (Doc. 1, p. 6.)

Plaintiff's allegation against defendant Daguman does state a cognizable claim. Plaintiff alleges that Daguman refused to prescribe stronger pain medication despite knowing that Plaintiff had suffered serious damage to his spine and that his current prescription was insufficient for his pain. (Doc. 1, p. 6.)

Plaintiff's allegations against all other defendants fail to state a cognizable Eighth Amendment claim under section 1983. Plaintiff is reminded that he "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

**2.    *Inmate Appeals***

Plaintiff alleges that defendant Grannis of the Chief Inmate Appeals Branch and sergeant Vogel are liable under section 1983 in their processing of Plaintiff's appeal. (Doc. 1, p. 7.) The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for

1 deprivation of due process, a plaintiff must first establish the existence of a liberty interest for
2 which the protection is sought. "States may under certain circumstances create liberty interests
3 which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84
4 (1995). Liberty interests created by state law are generally limited to freedom from restraint
5 which "imposes atypical and significant hardship on the inmate in relation to the ordinary
6 incidents of prison life." Sandin, 515 U.S. at 484.

7 "[A prison] grievance procedure is a procedural right only, it does not confer any
8 substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)
9 (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza,
10 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no
11 entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir.
12 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams,
13 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest
14 requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v.
15 DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

16 Actions in reviewing prisoner's administrative appeal cannot serve as the basis for
17 liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows
18 about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is
19 not correct. "Only persons who cause or participate in the violations are responsible. Ruling
20 against a prisoner on an administrative complaint does not cause or contribute to the violation. A
21 guard who stands and watches while another guard beats a prisoner violates the Constitution; a
22 guard who rejects an administrative complaint about a completed act of misconduct does not."
23 George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citing Greeno v. Daley, 414 F.3d 645,
24 656-57 (7th Cir.2005)); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters,
25 97 F.3d 987, 992-93 (7th Cir.1996).

26 Based on Plaintiff's allegations, Plaintiff has failed to allege any facts that indicate
27 defendants Grannis or Vogel by act or omission caused a deprivation of Plaintiff's constitutional
28

rights. Mere knowledge of a violation is insufficient. Not interviewing certain staff regarding Plaintiff's alleged injury is not sufficient. Plaintiff thus fails to state a cognizable claim against Grannis or Vogel for their processing of his grievance.

### III.  Conclusion and Recommendation

Plaintiff's complaint states claims against Defendants Tyner and Daguman for violation of the Eighth Amendment. However, the complaint does not state cognizable claims against Defendants Pena, C/O Doe (Pena's partner), Edmond, Smith, Harris, R. Vogel, CSP pharmacy, Melendez; Amaya, Poblete, Cabatu, Renteria, Zoher Mina, N. Grannis, and the specialist at Bakersfield Pain Center. Plaintiff was provided with the opportunity to either amend or proceed only on his cognizable claims, and has opted to proceed on the cognizable claims. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed February 8, 2008, against Defendants Tyner and Daguman for violation of the Eighth Amendment; and
2. Plaintiff's claims against defendants Pena, C/O Doe (Pena's partner), Edmond, Smith, Harris, R. Vogel, CSP pharmacy, Melendez; Amaya, Poblete, Cabatu, Renteria, Zoher Mina, N. Grannis, and the specialist at Bakersfield Pain Center be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 9, 2009**            /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE